# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

CYNTHIA W. TAYLOR,

    Plaintiff,

v.

GEORGIA POWER COMPANY,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-006

## O R D E R

This matter is before the Court on Defendant Georgia Power Company's Motion to Stay Discovery of November 23, 2015. (Doc. 20.) Defendant submits that discovery in this case should be stayed until such time as the Court enters a ruling on its Motion to Dismiss (doc. 13). Plaintiff filed a Response in Opposition on December 10, 2015. (Doc. 22.) After careful consideration, Defendant's Motion is **GRANTED**.

## BACKGROUND

On November 21, 2014, Plaintiff filed a complaint in the Magistrate Court of Glynn County, Georgia, against Defendant Equifax Information Services, LLC ("Equifax"). Equifax removed the case to this Court on January 7, 2015. (Doc. 1.) On June 22, 2015, this Court granted Plaintiff leave to add a party defendant (doc. 10), and Plaintiff amended her Complaint adding Defendant Georgia Power Company ("GA Power") on June 26, 2015 (doc. 11). On December 11, 2015, the Court granted Plaintiff's Motion to dismiss Equifax as a party to this case. (Doc. 23.)

GA Power filed a pre-answer Motion to Dismiss Plaintiff's Complaint on July 30, 2015. (Doc. 13.) On November 23, 2015, GA Power also motioned the Court for a stay of discovery pending resolution of its Motion to Dismiss to which the Plaintiff filed a response. In her response, Plaintiff fails to provide any viable argument or basis for opposing GA Power's Motion to Stay. (Doc. 22.)

## DISCUSSION

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. . . . If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367-68 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Diaz v. Atkinson Cnty., Ga., No. 5:15-CV-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th

Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

The Court recognizes that Chudasama and its progeny do not create a per se rule that discovery is stayed every time a motion to dismiss is filed. See S. Motors Chevrolet, Inc., No. CV414-152, 2014 WL 5644089, at *1. Nonetheless, the principle espoused in Chudasama, that the Court should prevent the needless expenditure of resources on discovery, is instructive to the Court's inquiry at hand. Further, "[i]n deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting, Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.1988)).

A preliminary review of GA Power's Motion to Dismiss reveals that it has raised meritorious challenges to the legal sufficiency of Plaintiff's Complaint. If the Court were to grant Defendant's Motion to Dismiss, this lawsuit would be dismissed in its entirety. Whether the Complaint can withstand Defendant's challenges is a decision left to the District Judge. However, at this stage, the Court does not find Defendant's arguments for dismissal so frivolous or non-meritorious to conclude that they have been interposed for the purpose of delay. In her response, Plaintiff argues that it would be unfair to stay discovery because Defendant has already served discovery requests on her. (Doc. 22.) However, this argument is not viable as this stay will toll Plaintiff's obligation to respond to Defendant's discovery requests.

## CONCLUSION

The Court finds good cause to stay this case until such time as a ruling is made on Defendant's Motion to Dismiss and that no substantial prejudice will accrue to the parties if a stay is granted. A ruling on Defendant's Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that all discovery proceedings are stayed pending a ruling by this Court on Defendants' Motion to Dismiss.

IT IS FURTHER ORDERED that **within twenty-one (21) days** following the Court's ruling on Defendants' Motion to Dismiss, should this case remain pending before the Court, the parties are directed to again meet and confer pursuant to Rule 26(f). Additionally, the parties are to file a supplemental Rule 26(f) Report **within fourteen (14) days** of the Rule 26(f) conference at which time a Scheduling Order will be entered.

**SO ORDERED**, this 17th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA