# In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

CYNTHIA W. TAYLOR,

    Plaintiff,

    v.

GEORGIA POWER COMPANY,

    Defendant.

CV 215-006

## ORDER

Plaintiff Cynthia Taylor ("Plaintiff") filed suit against

Defendant Georgia Power Company ("GPC") seeking actual and

punitive damages, in addition to attorney's fees, for GPC's

alleged violations of the Fair Credit Reporting Act ("FCRA").

15 U.S.C. §§ 1681-(x). Specifically, Plaintiff alleges that GPC

erroneously informed credit reporting agencies, such as Equifax

Information Services, LLC ("Equifax"), that she owed an

outstanding balance of $1,995.00 on an account for which she is

not liable. Plaintiff alleges that she suffered harm as a

result of the inclusion of that erroneous account on her credit

report.

In response to Plaintiff's claims, GPC filed a Motion to

Dismiss (Dkt. No. 13), arguing that Plaintiff's Complaint should

be dismissed because: (1) GPC does not satisfy the definition of a 'consumer reporting agency' pursuant to § 1681a(f) of the FCRA; (2) GPC is not a user of consumer reports pursuant to § 1681a(d)(1) of the FCRA; and (3) Plaintiff failed to allege facts supporting a claim that GPC did not adequately investigate her claims, pursuant to § 1681s-2 of the FCRA. Dkt. No. 13, pp. 6-11. The Court **GRANTS in part and DENIES in part** GPC's Motion to Dismiss (Dkt. No. 13) for the reasons set forth below.

**FACTUAL BACKGROUND**

The following facts are taken solely from Plaintiff's Amended Complaint. Dkt. No. 11 ("Compl."). GPC is a corporation located in Glynn County, Georgia. Id. at ¶ 11. GPC avers that Plaintiff failed to pay $1,995.00 on a GPC account for which she is liable. Id. at ¶ 13. When Plaintiff failed to pay the balance on the account, GPC reported the delinquent account information, as is its practice, to Equifax. Id. at ¶¶ 12, 14. Equifax included the delinquent account information on Plaintiff's credit report and then "reported that information to others." Id. The inclusion of this erroneous outstanding debt on Plaintiff's credit report caused her harm, including "being required to pay higher interest rates, and being unable to obtain credit." Id. at ¶ 16.

Plaintiff contacted Equifax to dispute the inclusion of the delinquent GPC account on her credit report. Id. at ¶ 17.

AO 72A
(Rev. 8/82)

Plaintiff explained to Equifax that she "did not owe the aforesaid GPC account, and she demanded that Equifax investigate the GPC account and remove said account from [her] credit file." Id. In response to Plaintiff's allegations, Equifax contacted GPC about the outstanding account, only to have GPC respond that with regard to that account, Plaintiff had an outstanding balance of $1,995.00. Id. at ¶ 18. Equifax then reported the outstanding balance of $1,995.00 as valid on Plaintiff's credit report. Id. at ¶ 19.

## PROCEDURAL BACKGROUND

Plaintiff initially filed suit against Equifax in the Magistrate Court of Glynn County. Dkt. No. 1. Equifax then filed a timely Notice of Removal on January 7, 2015. Id. Shortly thereafter, Plaintiff filed a Motion for Leave to Add a Party Defendant, which the Court granted on June 22, 2015. Dkt. Nos. 9, 10. Plaintiff proceeded to both add GPC as a party and file an Amended Complaint on June 26, 2015. Dkt. No. 11. On July 30, 2015, GPC filed a Motion to Dismiss (Dkt. No. 13), which the parties fully briefed. Dkt. Nos. 15, 17. Plaintiff filed a Motion to Dismiss Equifax (Dkt. No. 21) on December 10, 2015, which this Court granted on December 11, 2015. Dkt. No. 23. GPC is the only remaining defendant in this matter, and its Motion to Dismiss is now ripe for review. For the reasons set

forth below, the Court **GRANTS in part and DENIES in part**

Defendant's Motion to Dismiss (Dkt. No. 13).

## LEGAL STANDARD

When ruling on a motion to dismiss brought pursuant to Rule

12(b)(6), a district court must accept as true the facts that

are set forth in the complaint and draw all reasonable

inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d

701, 705 (11th Cir. 2010). Although a complaint need not

contain detailed factual allegations, it must contain sufficient

factual material "to raise a right to relief above the

speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007). At a minimum, a complaint should "contain either

direct or inferential allegations respecting all the material

elements necessary to sustain a recovery under some viable legal

theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d

1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v.

Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir.

2001)).

## DISCUSSION

The FCRA was enacted "to require that consumer reporting

agencies adopt reasonable procedures for meeting the needs of

commerce for consumer credit . . . in a manner which is fair and

equitable to the consumer, with regard to the confidentiality,

accuracy, relevancy, and proper utilization of such

AO 72A
(Rev. 8/82)

information." 15 U.S.C. § 1681(b). The FCRA places specific obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. 15 U.S.C. §§ 1681b, 1681m, and 1681s-2. Given that Plaintiff's Complaint does not specifically identify which section of the FCRA is applicable to her claims, the Court will address Plaintiff's Complaint pursuant to the obligations placed on each of the three entities targeted by the FCRA.

## I.    Consumer Reporting Agencies

GPC argues that it does not satisfy the definition of a "consumer reporting agency" and thus any claims arising under this definition of the FCRA fail. Dkt. No. 13, p. 6. A consumer reporting agency, under the FCRA is defined as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). While civil liability may be imposed on consumer reporting agencies that willfully or negligently violate the FCRA, see 15 U.S.C. §§ 1681m and 1681o; Chipka v. Bank of America, 355 F. A'ppx 380, 383 (11th Cir. 2009), the

AO 72A
(Rev. 8/82)

definition expressly excludes those "report[s] containing information solely as to transactions or experiences between the consumer and the person making the report." 15 U.S.C. § 1681a(d)(2)(A)(i).

Here, the facts as pleaded simply do not support this kind of claim under the FCRA. Indeed, there are no allegations in the Complaint that GPC qualifies as a consumer reporting agency, much less that GPC willfully or negligently violated the terms of the FCRA. See generally Compl. Plaintiff's Complaint only alleges that GPC disseminated false information regarding the account to a credit reporting agency. Compl., ¶¶ 17-19. However, that kind of dissemination, which documents transactions between a consumer and a business, is expressly precluded from coverage pursuant to section 1681a(d)(2)(A)(i). Since the facts as pleaded do not support a claim that GPC qualifies as a consumer reporting agency, any claim under 15 U.S.C. § 1681a(f) is hereby **DISMISSED**.

## II. Users of Consumer Reports

GPC argues that it is not a "user of consumer reports" as defined under the FCRA. Dkt. No. 13, pp. 6-7. A consumer report is defined as:

> any written, oral, or other communication of
> any information by a consumer reporting
> agency bearing on a consumer's credit
> worthiness, credit standing, credit
> capacity, character, general reputation,

AO 72A
(Rev. 8/82)

> personal characteristics, or mode of living
> which is used or expected to be used or
> collected in whole or in part for the
> purpose of serving as a factor in
> establishing the consumer's eligibility for—
> (A) credit or insurance to be used primarily
> for personal, family or household purposes;
> (B) employment purposes; or (C) any purpose
> authorized under section 1681b of this
> title.

15 U.S.C. §§ 1681a(d)(1) and (d)(1)(A)-(C). Here, there are no

allegations that GPC used a consumer credit report for anything.

Similarly, there are no allegations that GPC ever collected

information regarding Plaintiff for the purposes of determining

her eligibility for lines of credit, for employment purposes, or

for any other covered purpose under § 1681b. Given the facts as

alleged, it is apparent that the "using consumer reports" prong

of the FCRA analysis is simply inapplicable to the instant

claim.

**III. Furnishers of Information to Consumer Reporting Agencies**

GPC argues that it cannot be held liable pursuant to 15

U.S.C. § 1681s-2(b) because Plaintiff failed to state facts

supporting a claim that GPC did not investigate her allegations

sufficiently. Dkt. No. 13, pp. 7-11. The FCRA imposes two

duties on a furnisher of credit information: (1) a furnisher

must submit accurate information to credit reporting agencies,

15 U.S.C. § 1681s-2(a); and (2) must investigate and respond

promptly to any notice of a consumer dispute regarding such

AO 72A
(Rev. 8/82)

information, id. at § 1681s-2(b).  See Green v. RBS Nat'l Bank,
288 F. A'ppx 641, 642 (11th Cir. 2008) (per curiam) (citing 15
U.S.C. §§ 1681a(c), (f), 1681s-2(a)).  The FCRA does not provide
a private right of action when a furnisher submits false
information to a credit reporting agency in violation of section
1681s-2(a).  Id. at 642 & n.2 ("Enforcement of this provision is
limited to federal agencies, federal officials, and state
officials."  (citing 15 U.S.C. §§ 1681s-2(c) to (d),
1681s(c)(1)(B))).  By contrast, a private right of action exists
when a furnisher violates section 1681s-2(b), "but only if the
furnisher received notice of the consumer's dispute from a
consumer reporting agency."  Id. at 642 (citing 15 U.S.C. §
1681s-2(b)(1)).

Here, it appears that Plaintiff attempts to state a claim
under both sections 1681s-2(a) and (b).  Insofar as Plaintiff
alleges that GPC reported false information to Equifax, Compl.,
¶¶ 17-19, Plaintiff's FCRA claim is based on violations of
section 1681s-2(a).  Because a violation of section 1681s-2(a)
is not subject to a private right of action, the Court **DISMISSES**
Plaintiff's FCRA claim under that section.

To the extent that Plaintiff's factual allegations pertain
to her unsuccessful attempts to resolve the alleged problem with
GPC, Compl., ¶¶ 18-19, Plaintiff appears to base her FCRA claim
on a failure to investigate and respond, in violation of section

AO 72A
(Rev. 8/82)

1681s-2(b). A furnisher of information, however, is only liable

for a failure to investigate and respond after receiving notice

of a consumer dispute from a consumer reporting agency, not from

the consumer. See § 1681s-2(b)(1); Green, 288 F. A'ppx at 642,

see also § 1681i (setting forth a dispute procedure); Eddins v.

Cenlar FSB, 964 F. Supp. 2d 843, 848 (W.D. Ky. 2013) ("Under the

statutory language, notification from a consumer is not enough."

(citing Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 785

(W.D. Ky. 2003))).

Notice from a credit reporting agency thus constitutes a

necessary element of a claim against a furnisher under section

1681s-2(b). Schleuter v. BellSouth Telecomms., 770 F. Supp. 2d

1204, 1208 (N.D. Ala. 2010) (citing Rivell v. Private Health

Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008)). For a

plaintiff to prevail under section 1681s-2(b), the plaintiff

must:

> allege and establish that he notified a
> consumer reporting agency that he disputed
> the completeness or accuracy of information
> in his credit report that was furnished by
> defendant, the credit reporting agency gave
> notice of plaintiff's dispute to defendant
> as a furnisher, and defendant did any one of
> the following: (1) failed to conduct a
> reasonable investigation of the identified
> dispute(s); (2) failed to review all
> relevant information provided by the credit
> reporting agency; (3) failed to report the
> results of its investigation to the credit
> reporting agency; or (4) if an item of
> information disputed by plaintiff was found

AO 72A
(Rev. 8/82)

> to be inaccurate, incomplete, or it could
> not be verified after any reinvestigation,
> failed to modify, delete, or permanently
> block the reporting of that item of
> information.

Ware v. Bank of America Corp., 9 F. Supp. 3d 1329, 1338 (N.D.

Ga. 2014) (citing Howard v. DirecTV Group, Inc., No. CV 109-156,

2012 WL 1850922, at *4 (S.D. Ga. May 21, 2012) (citing 15 U.S.C.

§ 1681s-2(b))).

Here, the Court accepts as true for the purposes of this

motion the following allegations: (1) that GPC submitted false

information to Equifax; (2) that Plaintiff contacted GPC

regarding the inaccuracies; (3) that Equifax contacted GPC

regarding the disputed debt; (4) that GPC "responded that the

Plaintiff did owe the subject account"; and (5) that GPC failed

to correct the erroneous account information. Compl., ¶¶ 16-19.

Plaintiff sufficiently set forth a claim for relief under

section 1681s-2(b). To satisfy pleading standards, a court must

draw all reasonable inferences in favor of the plaintiff. See

Randall, 610 F.3d at 705. In response to Equifax's notice of a

dispute, GPC simply "responded" that the outstanding balance on

the account was correct. Compl., ¶ 18. An inference can be

drawn from this statement that GPC failed to properly

investigate Plaintiff's claim. Carlisle v. Nat'l Commercial

Servs., Inc., No. 1:14-CV-515-TWT, at *14 (N.D. Ga. July 7,

2015) (explaining that merely confirming that the customer owed

AO 72A
(Rev. 8/82)

the disputed claim did not amount to a reasonable investigation because the "pertinent question is whether a furnisher's investigation procedures were reasonable in light of what the credit reporting agencies told it about the nature of the dispute."). Plaintiff's claim is sufficient under Fed. R. Civ. P. 12(b)(6). Accordingly, GPC's Motion to Dismiss pursuant to 15 U.S.C. § 1681s-2(b) is **DENIED** as Plaintiff adequately set forth a claim under this section.

**CONCLUSION**

Defendant's Motion to Dismiss (Dkt. No. 13) is **GRANTED** with respect to Plaintiff's claims arising under 15 U.S.C. §§ 1681a(f), 1681a(d)(1), and 1681s-2(a). Defendant's Motion to Dismiss (Dkt. No 13) is **DENIED** with regard to Plaintiff's claims arising under 15 U.S.C. § 1681s-2(b) as Plaintiff adequately pled a claim alleging that GPC failed to investigate the dispute regarding her purported outstanding balance of $1,995.00.

**SO ORDERED**, this 16TH day of February, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)