# In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

CYNTHIA W. TAYLOR,

    Plaintiff,

    v.

GEORGIA POWER COMPANY,

    Defendant.

CV 215-06

## ORDER

Pending before the Court is Defendant Georgia Power Company's Motion for Summary Judgment (Dkt. No. 33). The motion has been fully briefed and is ripe for decision. For the reasons stated below, Georgia Power Company's Motion is **GRANTED**.

## FACTUAL BACKGROUND

This case arises from a dispute over Plaintiff Cynthia W. Taylor's electric bill for her previous home in Brunswick, Georgia. Dkt. No. 33 p. 2. Plaintiff was billed a monthly fee for power services to her home. Id. Plaintiff and her son moved out by July 2010. Dkt. No. 35 p. 2. However, she failed to notify Defendant Georgia Power Company ("GPC") of her move and did not cancel her account. Dkt. No. 33-2 at 83:4-6.

Plaintiff paid GPC with a $600 check, which she believed to be payment in full. Id. This check ultimately bounced for lack of funds. Dkt. No. 33-2 at 49:5-6.

Plaintiff received a bill from GPC. Dkt. No. 33-2 at 83:4-6. Plaintiff provided her explanation as to why she did not owe the full bill to one of GPC's employees at its Brunswick office. Id. Plaintiff claims the excess bill was due to some confusion regarding her business account versus her personal account, and to embezzlement issues caused by her now-deceased accountant.[1] Dkt. No. 33 p. 2. GPC disconnected Plaintiff's power on September 29, 2010. Dkt. No. 33 p. 3.

After several efforts to collect Plaintiff's bill, GPC reported her account as delinquent to Equifax, a credit reporting agency ("CRA"), on February 28, 2011. Id. p. 4. GPC sent multiple collections letters to various addresses of Plaintiff from November 2010 to March 2011. Id. p. 3-4. Plaintiff ultimately discovered the delinquent account on her credit report. She contacted Equifax to report that she did not owe anything under the account. Id. p. 5. Equifax then notified GPC of the dispute. Id.

---

[1] The Court notes that identity theft and fraud are not at issue in this case. The record does not reflect that Plaintiff ever conveyed to GPC that her identity had been stolen or that her accountant was fraudulently using her accounts to pay the GPC bill at issue.

2

GPC tasked its revenue recovery specialist, Sandy Evers, with investigating Plaintiff's dispute. Id. Evers' investigation entailed verifying Plaintiff's name, birth date, social security number, and amount owed on the account. Dkt. No. 33-3 ¶ 14. On November 15, 2013, Evers reported that Plaintiff owed $1,275.87 on her account. Plaintiff asserts that this balance is incorrect and that she does not owe anything more than the $600 that she originally attempted to pay.

## PROCEDURAL BACKGROUND

Plaintiff initially filed suit against Equifax in Glynn County Magistrate Court. Dkt. No. 1. Equifax then filed a timely Notice of Removal on January 7, 2015. Id. Shortly thereafter, Plaintiff filed a Motion for Leave to Add a Party Defendant, which the Court granted on June 22, 2015. Dkt. Nos. 9, 10. Plaintiff proceeded to add GPC as a party and file an Amended Complaint on June 26, 2015. Dkt. No. 11. On July 30, 2015, GPC filed a Motion to Dismiss (Dkt. No. 13), which the parties fully briefed. Dkt. Nos. 15, 17. Plaintiff filed a Motion to Dismiss Equifax (Dkt. No. 21) on December 10, 2015, which this Court granted on December 11, 2015. Dkt. No. 23. GPC filed a Motion to Dismiss in July 2015. The Court dismissed Plaintiff's claims against GPC as a CRA, but allowed Plaintiff's other claims to go forward. GPC is the only remaining defendant

Ɔ 72A
.ev. 8/82)

in this matter.   GPC filed its Motion for Summary Judgment on these remaining claims on August 17, 2016.

## LEGAL STANDARD

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. <u>Id</u>. at 325.

If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).   The nonmovant may satisfy this burden in two ways: First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting <u>Celotex Corp.</u>, 477 U.S. at 332 (Brennan, J., dissenting)).   Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." <u>Id</u>. at 1117.

Ɔ 72A
.ev. 8/82)

Where the nonmovant instead attempts to carry this burden with nothing more "than a repetition of his conclusional allegations, summary judgment for the defendants [is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981).

## DISCUSSION

Plaintiff brings claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). (See generally Dkt. No. 11.) The FCRA applies to three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. Chipka v. Bank of Amer., 355 F. App'x 380, 382 (11th Cir. 2009) (citing 15 U.S.C. §§ 1681b, 1681m, 1681s-2). It is undisputed that GPC is a "furnisher of information" and therefore must only comply with the duties imposed on furnishers by the FCRA. The Court previously dismissed Plaintiff's non-furnisher FCRA claims. Dkt. No. 26. Thus, the Court analyzes the FCRA only as it applies to furnishers.

The FCRA imposes two duties on GPC. First, furnishers must provide accurate information to CRAs. 15 U.S.C. § 1681s-2(a). Second, furnishers must investigate all disputed information after receiving notice of a dispute from a CRA. 15 U.S.C. § 1681s-2(b). The FCRA does not provide a private right of action when a furnisher submits false information to a CRA in violation

5

of Section 1681s-2(a). <u>Green v. RBS Nat'l Bank</u>, 288 F. App'x 641, 642 n.4 (11th Cir. 2008) (per curiam). By contrast, a private right of action exists when a furnisher violates Section 1681s-2(b), "but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." <u>Id</u>. at 642 (citing 15 U.S.C. § 1681s-2(b)(1)).

As the Court has already held, Plaintiff cannot state a claim under Section 1681s-2(a). Dkt. No. 26 p. 8. However, since it is undisputed that GPC did receive notice of Plaintiff's dispute, Section 1681s-2(b) still applies. To prevail under Section 1681s-2(b), the plaintiff must:

> allege and establish that [s]he notified a consumer reporting agency that [s]he disputed the completeness or accuracy of information in [her] credit report that was furnished by defendant, the credit reporting agency gave notice of plaintiff's dispute to defendant as a furnisher, and defendant did any one of the following: (1) failed to conduct a reasonable investigation of the identified dispute(s); (2) failed to review all relevant information provided by the credit reporting agency; (3) failed to report the results of its investigation to the credit reporting agency; or (4) if an item of information disputed by plaintiff was found to be inaccurate, incomplete, or it could not be verified after any reinvestigation, failed to modify, delete, or permanently block the reporting of that item of information.

<u>Ware v. Bank of Amer. Corp.</u>, 9 F. Supp. 3d 1329, 1338 (N.D. Ga. 2014) (citing <u>Howard v. DirecTV Grp., Inc.</u>, No. CV 109-156, 2012

Ɔ 72A
.ev. 8/82)

WL 1850922, at *4 (S.D. Ga. May 21, 2012) (citing 15 U.S.C. § 1681s-2(b))).

Plaintiff appears to base her claim entirely on the assertion that GPC failed to conduct a "reasonable" investigation under Section 1681s-2(b). Dkt. No. 35 pp. 7-12. Indeed, the "reasonableness" of GPC's investigation is the standard by which the Court determines whether a violation of the FCRA occurred. Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1302 (11th Cir. 2016) (citations omitted). Plaintiff bears the burden of establishing that GPC's investigation was unreasonable. Chiang v. Verizon New Eng., Inc., 595 F.3d 26, 37 (1st Cir. 2010); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1156-57 (9th Cir. 2009).

The Eleventh Circuit has found that a reasonable investigation is one that "verif[ies] the disputed information, and report[s] to the CRAs that the information has been verified." "When a furnisher reports that disputed information has been verified, the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." Id. This question, however, "is a factual question, and it will normally be reserved for trial." Id. Nonetheless, a furnisher "need not do more than verify that the reported information is consistent with the information in

⊃ 72A
.ev. 8/82)

its records" for an investigation to be reasonable. <u>Howard v. Pinnacle Credit Servs., LLC</u>, No. 4:09-CV-85, 2010 WL 2600753, at *3 (M.D. Ga. June 24, 2010).

Indeed, the Court looks only to whether or not the furnisher reviewed all the necessary information it had in its possession at the time of the investigation. <u>Knight v. Navient, LLC</u>, No. 5:14-CV-424, 2016 WL 915192, at *6 (M.D. Ga. March 4, 2016). The scope of the furnisher's investigation may be narrow if the plaintiff provides only "scant information" regarding the nature of the dispute. <u>Howard</u>, 2010 WL 2600753, at *3.

The Court concludes that there is no genuine dispute as to whether the GPC conducted a reasonable investigation under Section 1681s-2(b). The undisputed facts show that GPC reviewed all of the information it had in its possession and verified Plaintiff's name, birth date, social security number, and amount owed on the account. Dkt. No. 33-3 ¶ 14.

Plaintiff has failed to provide any evidence that the investigation was unreasonable beyond stating that she told a GPC employee that she did not owe on the account.[2] Dkt. No. 35 p. 9. She failed to provide any additional information to GPC which it could have included in its investigation.

---

[2] The Court notes that this assertion appears to have been incorrect. Plaintiff in fact does owe on this account, though the amount owed appears to be in dispute. Dkt. No. 33-2 49:5-6.

Ɔ 72A
.ev. 8/82)

Defendant reviewed all of the information it received regarding Plaintiff's dispute. Further, considering the scant information GPC received regarding the nature of Plaintiff's dispute, the scope of its review was reasonable.

Plaintiff largely relies on the Eleventh Circuit's decision in Hinkle to support her argument. In Hinkle, the Eleventh Circuit found that the defendant CRA's investigation was unreasonable because the CRA did not verify the information it received from the original creditor. Hinkle, 827 F.3d at 1302. However, Hinkle is distinguishable from this action because Hinkle involved a CRA rather than an original creditor. Id. That case turned on the fact that the CRA did not "seek out and verify" its information from the original creditor. Id. This is plainly not an issue in this case, as GPC is the original creditor. Further, Plaintiff has failed to point to any information GPC should have verified or any additional information it should have obtained.

Instead, Plaintiff relies on the fact that she informed GPC that she "did not open or use" a GPC account and "owed absolutely no money." Dkt. No. 35 p. 5-7. However, Plaintiff also contradictorily asserts that she paid $600 "for the entire balance owed" on the account. Id. at 2. In fact it appears that Plaintiff acknowledges that she owed money on the account but mistakenly believed she has already paid what she believed

⊃ 72A
.ev. 8/82)

to be the entire balance.  Id.  The record is undisputed that Plaintiff paid nothing on this account because the $600 check that she wrote ultimately bounced.  Dkt. 33-2 49:3-16. Therefore, the Court gives no weight to the fact that she incorrectly notified GPC that she "owed absolutely no money."[3] This is fatal to Plaintiff's claim as Plaintiff provides little other evidence in support of her claim.

GPC verified that the account was indeed Plaintiff's with the information it had and that a debt owed on the account. Plaintiff points to nothing more that GPC could have done to conduct a more reasonable investigation.  Therefore, the Court finds that GPC's investigation was reasonable.  Accordingly, the Court will grant summary judgment in this matter.

### CONCLUSION

For the reasons stated above, Defendant Georgia Power Company's Motion for Summary Judgment (Dkt. No. 33) is hereby **GRANTED**.  The Clerk of Court is **DIRECTED** to enter the appropriate judgment and to close this case.

**SO ORDERED**, this 18th day of November, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court recognizes that there very well may be a dispute as to the actual amount owed here.  Nonetheless this is beyond the scope this claim. The Court looks only to whether GPC's investigation was reasonable with the information it could have obtained at the time of the investigation.

⊃ 72A
.ev. 8/82)